MoKiNNEY, J.,
delivered the opinion of the Court.
*606 This was a motion for judgment against the sheriff of 'Campbell county and his securities, for failing to pay over the State revenue of said county, collected for the year 1867. Judgment was rendered for the sum of $1728 89, from which the sureties have prosecuted a writ of error to this Court.
Several objections have been urged against the regularity of said judgment.
1. That the bond, not being conformable to the act of 1840, ch. 142, does not authorize the judgment rendered thereon.
It appears that William Warner was duly elected sheriff and tax collector for Campbell county, in March, 1866; and on the 7th of April, thereafter, he entered into bond for two- years, 1866 and 1857. > It seems that it was neglected to have his bond for the collection and payment of the State and county revenue, renewed in April, 1867, as required by the act above referred to. But it is shown that the bond was renewed on the 6th of July, 1857; and upon this latter bond, the judgment was based.
The objection is, that the bond not having been executed “ on the first Monday in April,” as required by the act, is not a statutory bond, and consequently could not be proceeded upon in this summary method. This objection is not tenable, for two reasons. In the first place, we are of opinion that the renewal of the bond at a subsequent session of the Court to that prescribed in the act of 1840, ch. 142, was within the spirit of the subsequent act of the same session, ch. 160, sec. 6; and, therefore, was a statutory bond. But, in the next place, by the latter clause of the 9*th sec *607 tion of the act of 1851-2, cb. 256, it is expressly declared, “that all bonds and recognizances that may be deemed good and valid, as common law bonds and recognizances, shall hereafter be considered as statutory bonds.” It is clear, that under this provision, the objection is unfounded. And in this view, the case of Boughton vs. State, 7 Humph., 193, is not inconsistent with our determination in the present case.
2. But the judgment is against John Hunter, as one of the sureties. This would seem, from the record, to be a clerical mistake in writing the name Hunter, for Hutson ; “ John Hutson ” is the name attached to the bond, there is no surety of the name of Hunter.
3. The judgment appears to be for too large an amount. The account of State revenue, as audited by the Comptroller, with which Warner was chargeable, was $1545 69. This stands credited by the Comptroller, with $30 47 On account of “ releases,” and also, with the further sum of $90 91 for “commissions;” leaving the net balance of $1424 31, to be accounted for. Such is the state of the account as rendered by the Comptroller. But the Court in rendering judgment, disregarded the credits, and subjected the sheriff and his sureties to the full amount of $1545 69, with twelve- and-a-half per cent, thereon. As against the sureties, at least, who alone prosecute this writ of error, we think the Court erred in rendering judgment for more than the balance struck by the officer intrusted by law, to audit the account.
On the two latter grounds, the judgment must be reversed; and the proper judgment will be rendered here.